UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TIMOTHY TONKINSON, on behalf of himself and all others similarly situated,** | ) ) ) | CASE NO. |
| Plaintiff, | ) ) ) | JUDGE: |
| v. | ) ) | |
| **J.C.'S LANDSCAPING & SNOW SERVICE, LLC,** | ) ) ) ) | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| and | ) ) | |
| **JAMES COPELAND**, | ) ) | **JURY DEMAND ENDORSED HEREON** |
| Defendants | ) | |

Plaintiff Timothy Tonkinson by and through the undersigned counsel, for his Class and Collective Action Complaint against Defendants J.C.'s Landscaping & Snow Service, LLC ("J.C.'s Landscaping") and James Copeland ("Copeland") states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join this case pursuant to § 216(b) ("Potential Opt-Ins").

1

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio wage-and-hour statutes (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's claims under Ohio wage-and-hour statutes because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. Plaintiff Timothy Tonkinson is a citizen of the United States. He worked as a landscaper and snow removal truck driver as an employee of Defendants.

8. At all times relevant, J.C.'s Landscaping was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

9. J.C.'s Landscaping's non-exempt employees included Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class.

10. At all times relevant, J.C.'s Landscaping was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all relevant times, Copeland has had operational control over significant aspects of J.C. Landscaping's day-to-day functions, including compensation of employees as alleged herein.

12. Based upon information and belief, Defendants' gross revenue was in excess of $500,000.00 per annum during all times material to this complaint.

13. During all times material to this complaint, Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

14. During all times material to this complaint, Copeland was "engaged in commerce" within the meaning of 29 U.S.C. § 206 *et seq.* and 29 U.S.C. § 207 and subject to the individual coverage of the FLSA and Ohio overtime compensation statute.

15. During all times material to this complaint, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

### Non-Exempt Employees'

16. Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class are current or former non-exempt employees of Defendants who were paid on an hourly basis and not paid overtime compensation for all hours worked in excess of forty (40) in certain workweeks.

17. Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class frequently worked more than forty (40) hours in a

3

single workweek, entitling them to overtime compensation under the FLSA and Ohio wage-and-hour statutes.

### Defendants' Failure to Pay Overtime Compensation

18. The FLSA and Ohio law required Defendants to pay overtime compensation to its landscapers and snow removal truck drivers including Plaintiff, the Potential Opt-Ins and the Ohio Class.

19. Defendants unlawfully failed to pay all overtime compensation due to its employees including Plaintiff, the Potential Opt-Ins and the Ohio Class.

20. Specifically, and among other things, Defendants would artificially reduce the hours worked for employees to avoid paying employees for all hours worked in violation of the FLSA and Ohio's overtime compensation statute.

21. Defendants knew, or showed reckless disregard for whether Plaintiff, the Potential Opt-Ins, and the Ohio Class was entitled to overtime pay under state and/or federal law.

### COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

23. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."

24. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of:

> All present and former landscapers and snow removal truck drivers of Defendants during the period beginning three years preceding the filing of

4

this Complaint to the present, who were not paid overtime compensation for all hours worked in excess of forty (40) in one workweek.

25. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for hours worked in excess of forty (40) in one workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

26. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

27. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 40 persons. Such persons are readily identifiable through the payroll records Defendants has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

28. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

29. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former landscapers and snow removal truck drivers of Defendants who were not paid overtime compensation for all hours worked in excess of forty (40) in one workweek during the period beginning two years preceding the filing of this litigation to the present.

30. The Ohio Class is so numerous that joinder of all class members is impracticable. The number of class members as well as their identities are ascertainable from the payroll records Defendants have maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

31. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendants failed to pay Plaintiff and other class members all overtime pay due to them?
>
> Whether Defendants kept adequate records of the hours worked by Plaintiff and the other class members?

32. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

33. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

34. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually

would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### COUNT ONE
### (FLSA Overtime Violations)

36. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is being filed with the Court as an exhibit to this Complaint.

38. Plaintiff and the Potential Opt-Ins should have been paid overtime compensation at the rate of one-half times their "regular rate" for all hours worked in excess of forty hours per workweek.

39. Defendants failed to pay all overtime compensation due to Plaintiff and the Potential Opt-Ins for certain workweeks.

40. Specifically, and among other things, Defendants would artificially reduce the hours worked for employees to avoid paying employees for all hours worked in violation of the FLSA and Ohio's overtime compensation statute.

41. By engaging in that practice, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

42. As a result of Defendants' violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

43. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of himself, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

45. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

46. Defendants violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay all overtime compensation to its landscapers and snow removal truck drivers including Plaintiff, the Potential Opt-Ins and the Ohio Class.

47. Specifically, and among other things, Defendants would artificially reduce the hours worked for employees to avoid paying employees for all hours worked in violation of the FLSA and Ohio's overtime compensation statute.

48. Defendants' violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff, the Potential Opt-Ins, and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

49. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

E. Award Plaintiff his costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

> Respectfully submitted,
> */s/ Christopher J. Lalak*
> **NILGES DRAHER LLC**
> Christopher J. Lalak (0090079)
> Jeffrey J. Moyle (0084854)
> 614 West Superior Avenue, Suite 1148
> Cleveland, OH 44113-2300
> Telephone: (216) 230-2955
> Email: clalak@ohlaborlaw.com
> jmoyle@ohlaborlaw.com
> *Counsel for Plaintiff*

9

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

                                      */s/ Christopher J. Lalak*
                                      Christopher J. Lalak

                                      *Counsel for Plaintiff*